Christian J. Jensen, Esq. (CJ 6100)
Sean Rose, Esq. (SR 6646)
OLENDERFELDMAN LLP
422 Morris Avenue
Summit, New Jersey 07901
(908) 964-2485
*Attorneys for Plaintiff Theorem, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THEOREM, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CITRUSBYTE, LLC,<br><br>        Defendant. | **Civil Action No.**<br><br>**Civil Action**<br><br>**COMPLAINT** |

Plaintiff Theorem, Inc. ("Plaintiff"), by way of Complaint against Defendant Citrusbyte, LLC ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff and Defendant provide technology and information systems consulting services. Plaintiff brings this action under the Lanham Act and the common and statutory law of the State of New Jersey seeking recompense for Defendant's intentional infringement of Plaintiff's trademark and goodwill, as well as its unfair competition with Plaintiff. Defendant's intentional infringement of Plaintiff's trademark and attempts to trade on Plaintiff's name and reputation has caused Plaintiff to suffer significant and irreparable damage.

**THE PARTIES**

2. Plaintiff is a corporation organized under the laws of Delaware with its headquarters located at 26 Main Street, 3rd Floor, Chatham, New Jersey 07928.

3. Defendant is a limited liability company organized under the laws of California with its headquarters located at 1647 Otsego Street, Encino, California 91436.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338, 15 U.S.C. § 1121, and 28 U.S.C. § 1367.

5. Venue is appropriate in this District, the place where Plaintiff resides and where the cause of action arose pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL COUNTS**

A. **Plaintiff and the "Theorem Trademark"**

6. Plaintiff provides digital marketing and computer and technology consulting services in the field of analysis, design, implementation and support of computer-based information systems and technologies to clients around the world.

7. In connection with its business, Plaintiff developed its word mark and brand name "THEOREM" (the "Theorem Trademark").

8. Plaintiff has continuously operated its business under the Theorem Trademark and used same on a national level in interstate commerce on its website, promotional materials, and social media materials, since January 2002.

9. Since January 2002, Plaintiff has expended significant sums in the promotion of the Theorem Trademark and its business.

10. Consistent with its extensive use of the Theorem Trademark in interstate commerce, on June 6, 2006 Plaintiff registered the Theorem Trademark with the United States Patent and Trademark Office ("USPTO") under Reg. No. 3100152. A copy of the Certificate of Registration is attached as **Exhibit 1**.

11. Thereafter, Plaintiff continued to use and protect the Theorem Trademark and on July 19, 2011, the USPTO accepted Plaintiff's Declaration of Incontestability.

12. The determination of incontestability evidences, among other factors, the Theorem Trademark's validity, Plaintiff's ownership of the Theorem Trademark, and Plaintiff's exclusive rights to use the Theorem Trademark.

13. Plaintiff has used and continues to use the Theorem Trademark in commerce at present and vigorously protects same.

B. **Defendant Infringes The Theorem Trademark.**

14. Defendant is a company that "advises clients on product strategy, engineering, design, and culture, then partners with them to build and launch technology-driven solutions to their most complex problems."

15. As Defendant provides digital strategy and technology-related consulting services, Defendant competes in the same industry as Plaintiff.

16. From 2006 to 2018, Defendant operated under the tradename "Citrusbyte," and registered its trademark related to same (Registration No. 4099049).

17. Ostensibly, at some point prior to 2018, Defendant determined its efforts to develop business under the "Citrusbyte" label were not working.

18. Rather than develop new business and branding through traditional channels and effort, Defendant instead tried to improperly shortcut the process and trade on the goodwill, reputation, and intellectual property of an industry leader, Theorem.

19. As a first step to infringe and trade on the assets of Plaintiff, on February 26, 2018, Defendant filed a trademark application (Serial No. 87811296) with the USPTO, seeking to register a word mark of "THEOREM."

20. On June 18, 2018, the USPTO correctly denied Defendant's application, specifically citing the likelihood of confusion with the Theorem Trademark owned by Plaintiff.

21. Nevertheless, despite Plaintiff's registration of the Theorem Trademark, continued use of same since 2002, and the USPTO's rejection of Defendant's trademark application on the basis of likelihood of confusion with Theorem Trademark, Defendant continuing with its "rebranding" effort.

22. In doing so, Defendant continued to infringe the Theorem Trademark and unfairly compete with Plaintiff.

23. Indeed, on March 19, 2019, Defendant announced via a post on the website Linkedin.com that it was rebranding from "Citrusbyte" to "Theorem."  A copy of the Linkedin.com posting is attached as **Exhibit 2**.

24. Upon learning of the aforementioned post, Plaintiff further investigated and uncovered job listings by Defendant that intentionally infringe the Theorem Trademark including, but not limited to, use of a logo that contains the Theorem name and a design that is intentionally similar to Theorem's own logo and intellectual property.

25. Plaintiff has used the logo since 2002 and Defendant's use of a similar logo is yet another example of Defendant's infringement.

26. As further evidence of Defendant's infringement and efforts to unfairly compete with Plaintiff and trade on its good name, Defendant created an internet domain name, "theorem.co" (the "Infringing Domain"), that improperly utilizes Plaintiff's legal name and utilizes the Theorem Trademark.

27. Upon discovery of the aforementioned conduct, on April 1, 2019, Plaintiff demanded through counsel that Defendant cease and desist use of the Theorem Trademark and immediately transfer the Infringing Domain to Plaintiff.

28. Defendant has refused all Plaintiff's demands and continued its unfair competition and infringement of the Theorem Trademark resulting in damage to Plaintiff and the Theorem Trademark.

## FIRST COUNT

## FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

29. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

30. The Theorem Trademark is a valid, incontestable, and protectable trademark.

31. Plaintiff is the owner of the Theorem Trademark.

32. Defendant's use of the Theorem Trademark without Plaintiff's consent constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public as to the source, approval or sponsorship of the goods and services bearing the Theorem Trademark.

33. Defendant's acts are knowing and intentional as Defendant was on notice of Plaintiff's valuable trademark rights and has willfully and intentionally refused to cease and desist in the use of the Theorem Trademark.

34. Such conduct on the part of Defendant has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## SECOND COUNT

## FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

35. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

36. Plaintiff owns the incontestable Theorem Trademark.

37. Defendant's actions of using the Theorem Trademark owned by Plaintiff in interstate commerce, without the consent of Plaintiff, is a false designation of origin, and has caused and continues to cause confusion, mistake, and deception in the minds of the public.

38. Defendant's use of the Theorem Trademark is a false designation of origin, in interstate commerce, and has infringed Plaintiff's trademark rights.

39. Based on Defendant's prior knowledge of Plaintiff's mark, Defendant's actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to money damages, treble damages, profits, attorney's fees, and the costs of this action.

40. By reason of the foregoing, such conduct on the part of Defendant has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## THIRD COUNT

## UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

41. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

42. Defendant's use of the Theorem Trademark constitutes a use in commerce of a false and misleading description and representation of goods and services.

43. Defendant knows Plaintiff owns the incontestable Theorem Trademark and utilizes same in commerce.

44. Defendant's use of the Theorem Trademark is likely to cause confusion and mistake amongst consumers into believing that Defendant's services are authorized by, or provided by, Plaintiff.

45. The aforesaid acts of Defendant were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

46. Defendant's conduct has caused, and unless retrained by this Court, will continue to cause, immediate and irreparable injury Plaintiff's business.

47. Such conduct on the part of Defendant has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**FOURTH COUNT**

**IMPROPER USE AND REGISTRATION OF DOMAIN NAME IN VIOLATION OF 15 U.S.C. § 1125(d)**

48. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

49. Defendant's Infringing Domain is confusingly similar to Plaintiff's Theorem Trademark, Plaintiff's legal name ("Theorem, Inc."), and Plaintiff's domain name (https://www.theoreminc.net/).

50. Defendant registered and used the Infringing Domain while on notice of, and in disregard of, Plaintiff's incontestable rights in the Theorem Trademark.

51. Defendant registered and used the Infringing Domain in bad faith, with knowledge that (a) the domain name consistent of the legal name of Plaintiff ("Theorem") and "Theorem" is commonly used to identify Plaintiff, (b) Defendant had not previously utilized the domain name nor "Theorem" name in connection with selling its goods and/or services, and (c) for the purpose of diverting customers seeking Plaintiff's services, including those promoted by Plaintiff, including through Plaintiff's own domain name (https://www.theoreminc.net/) for Defendant's own commercial gain.

52. The aforesaid conduct of Defendant is likely to cause confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's Infringing Domain, and harms the goodwill represented by the Theorem Trademark owned by Plaintiff.

53. The aforesaid conduct of Defendant takes advantage of the renown and goodwill of the Theorem Trademark owned by Plaintiff.

54. Defendant's continued ownership, maintenance and use of the Infringing Domain has caused and is causing irreparable injury to Plaintiff and, unless the Court orders the forfeiture, cancellation and/or transfer of the Infringing Domain Name to Plaintiff, will continue both to damage Plaintiff and to deceive the public.

55. Plaintiff has no adequate remedy at law.

## FIFTH COUNT

### TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. §1125(c) AND AT COMMON LAW

56. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

57. Plaintiff is the owner of the Theorem Trademark.

58. Plaintiff has used and invested in the promotion of the Theorem Trademark in interstate commerce since 2002.

59. As a result of the duration and extent of Plaintiff's use of the Theorem Trademark, the Theorem Trademark is highly distinctive and has a high degree of acquired distinctiveness among consumers in its industry.

60. Defendant's use of the mark began long after the Theorem Trademark acquired its fame and distinctiveness.

61. Defendant's actions as aforesaid dilute the rights and good-will that Plaintiff has obtained and created in the Theorem Trademark and, as well, injured the business reputation of Plaintiff.

62. Defendant's acts as stated have caused and are causing great and irreparable injury to Plaintiff, the Theorem Trademark, and to the business and goodwill represented by Plaintiff and the Theorem Trademark in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

## SIXTH COUNT

### STATUTORY UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT IN VIOLATION OF N.J.S.A. §56:4-1, *et seq.*

63. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

64. Defendant's conduct as aforesaid (including, but not limited to the use of the Theorem Trademark and registration and use of the Infringing Domain) constitutes unfair methods of competition and unfair and deceptive acts and practices in the conduct of its trade in violation of New Jersey statutory and common law.

65. As stated in the preceding paragraphs, Defendant has, in violation of New Jersey statutes (including N.J.S.A. §56:4-1, *et seq.*), misappropriated the Theorem Trademark owned by Plaintiff, brand, reputation and goodwill for its own use and to Plaintiff's detriment.

66. By reason of the foregoing, Plaintiff has suffered and will continue to suffer substantial damages to be determined at trial, including damage to its valuable trademark rights.

## SEVENTH COUNT

### DECLARATORY JUDGMENT

67. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

68. By reason of the foregoing acts of Defendant, Defendant has falsely designated the origin of its services and goods in its marketing and has otherwise made false descriptions and representations of the origin of such services and goods.

69. Defendant's unauthorized activities have created confusion among the consuming public, are likely to deceive customers of Plaintiff's services concerning the source or

sponsorship of such goods and services, and will otherwise mislead the consuming public as to the origin of the goods and services sold by or on behalf of Defendant.

70. Defendant's intentional, willful, and bad faith intent to trade on Plaintiff's good will create the false and misleading impression that Defendant is affiliated, connected, or associated with Plaintiff—through the Theorem Trademark and otherwise.

71. Plaintiff therefore seeks and is entitled to a Declaratory Judgment declaring that: (a) Plaintiff's Trademark is valid; (b) Defendant's infringing use and registration and use of the Infringing Domain are violative of Plaintiff's rights; (c) Defendant must immediately cease and desist use of the Theorem Trademark; and (d) Defendant must immediately transfer the Infringing Domain to Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. A preliminary and permanent injunction against Defendant, and the Defendant's entity's officers, agents, servants, employees, licensees and those persons in active concert or participation with them who received actual notice by personal service or otherwise:

1. Restraining Defendant from using, registering, owning, leasing, selling or trafficking in any business name or domain name that incorporates in whole or in part the Theorem Trademark (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in conjunction with any word or words, and whether used in caption, text, orally, or otherwise);

2. Restraining Defendant from infringing the Theorem Trademark or otherwise unfairly competing with Plaintiff;

3. Restraining Defendant from using in connection with any of Defendant's activities any false or deceptive designation, representation, or description of Defendant or any of its activities, whether by symbols or words or statements, which would damage or injure Plaintiff's interests or rights in its Theorem Trademark or give Defendant an unfair, competitive advantage in the marketplace based thereon including, but not limited to, expressly or impliedly representing itself or its goods or services as associated, affiliated, associated with, or authorized by Plaintiff;

4. Restraining Defendant from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts;

5. Restraining Defendant from passing off to the public that their businesses or goods or services are those of or authorized by Plaintiff; and

6. Restraining Defendant from engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of their businesses, goods, or services with or by Plaintiff or that is likely to dilute the connection between Plaintiff and the Trademark.

B. Ordering that Defendant immediately transfer to Plaintiff the Infringing Domain and any other domain names that incorporate the Theorem Trademark.

C. Ordering that Defendant immediately remove all signs, of whatever nature, form, or location, which contain the Theorem Trademark or any derivations thereof.

D. Ordering that Defendant cancels, removes, and destroys all advertising, job listings, promotional materials, and all documents whatsoever and of whatever nature or form which bear or contain the Theorem Trademark or any derivation thereof.

E. Ordering that Defendant files with this Court and serve on counsel for Plaintiff within 30 days after service on Defendant of such Order, or within such period as this Court may direct, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with Defendant's obligations hereunder.

F. For an accounting by Defendant of its sales and profits from the period commencing on the first date it used the Theorem Trademark through the present.

G. For an award of Defendant's profits and Plaintiff's damages resulting from Defendant's unlawful activities as set forth herein.

H. For compensatory damages.

I. For an award of treble damages where provided under law.

J. For an award of the reasonable attorneys' fees and cost of suit incurred by Plaintiff.

K. For such other further relief as this Court may deem equitable and proper.

                                              **OLENDERFELDMAN LLP**
                                              Attorneys for Plaintiff

                                    By: */s/Christian J. Jensen*
                                            CHRISTIAN J. JENSEN (CJ 6100)

Dated: June 5, 2019

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to L. Civ. R. 11.2, I hereby certify that there is no other action pending in any Court or arbitration proceeding concerning the matter in controversy, none is contemplated, and further, I know of no other party who should be joined in this matter.

                                            **OLENDERFELDMAN LLP**
                                            Attorneys for Plaintiff

                                By:  */s/Christian J. Jensen*
                                         CHRISTIAN J. JENSEN (CJ6100)

Dated:  June 5, 2019

# EXHIBIT 1

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

United States Patent and Trademark Office

Reg. No. 3,100,152
Registered June 6, 2006

## SERVICE MARK
## PRINCIPAL REGISTER

# THEOREM

THEOREM, INC. (DELAWARE CORPORATION)
SUITE 100
150 JFK PARKWAY
SHORT HILLS, NJ 07078

FOR: COMPUTER CONSULTING SERVICES IN THE FIELD OF ANALYSIS, DESIGN, IMPLEMENTATION AND SUPPORT OF COMPUTER-BASED INFORMATION SYSTEMS AND TECHNOLOGIES FOR THE MEDIA MARKETING INDUSTRY; MAINTENANCE OF COMPUTER SOFTWARE FOR THE MEDIA MARKETING INDUSTRY; TECHNICAL SUPPORT SERVICES FOR THE MEDIA MARKETING INDUSTRY, NAMELY, ANALYSIS OF COMPUTER HARDWARE AND SOFTWARE PROBLEMS FOR MEDIA MARKETING COMPANIES AND THEIR CUSTOMERS; CUSTOM DESIGN OF COMPUTER AND INTERNET-BASED COMPUTER SOFTWARE FOR COMPANIES IN THE MEDIA MARKETING INDUSTRY, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-15-2002; IN COMMERCE 1-15-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-509,374, FILED 11-1-2004.

ANDREA SAUNDERS, EXAMINING ATTORNEY

# EXHIBIT 2

# Formerly Citrusbyte, we are now Theorem.



Theorem  [ Follow ]
Mar 19 · 3 min read

Over the last 12 years, we have grown from an engineering-only organization that served early stage startups to a global innovation firm that solves complex challenges for the world's biggest companies.

As we've grown, strengthening our core areas of expertise and developing new specializations, we needed our brand and visual identity to accurately reflect our purpose, our beliefs, and our capabilities.

Today, we have exciting news to share—Citrusbyte has become Theorem.

At its core, this isn't a redefinition of who we are—it is about helping our brand catch up to what we have become. The elements of our new brand's identity system are visual metaphors for the experience our clients have come to expect, the way we deliver our services, our culture of real-time feedback and autonomy, our maniacal focus on quality, our dedication to user-centric product thinking, and the lasting imprint we leave on the organizations we work with.

Engineering is the core foundation of our capabilities—and it always will be—but it is a single dimension of the broader fabric of what makes what we do so valuable to our clients.

We advise clients on product strategy, engineering, design, and culture, then partner with them to build and launch technology-driven solutions to their most complex problems. Theorem is chosen by clients when results matter most. We drive transformation that involves not only technology, but also people, process and leadership.

## About Our New Brand



*Figure A: Theorem*

**The Name:** Our new name is about reconnecting with the mathematical, computer science driven genetics of our organization. It's about solving complex problems and building amazing things. It evokes a simple sophistication, and is a concrete descriptor of our iterative, hypothesis-driven process. It fits within a lexicon that includes words like Proof, Theory, and Hypothesis, which all play a role in our word system.

**The Wordmark:** The name is set in Feijoa—a refined, elegant, yet precise serif typeface that evokes scientific manuscripts and botanical journals. It has a dynamic set of ligatures and complimentary weights making it a utilitarian yet sophisticated choice to set our wordmark.

**The Mark:** Situated next to the word mark is a halmos. The halmos represents 'End of Proof'—Q.E.D. in the latin. It's named after Paul Halmos, the Hungarian-born mathematician whose works contributed to major advancements in the fields of probability theory, operator theory, ergodic theory, mathematical logic, and functional analysis. It's a simple shape but it has deep meaning. It also serves as the name for our re-branded venture arm: Halmos Ventures.

## What This Means For Our Clients

As a client of Theorem, you can expect more of the same great service, quality, and expertise that you have come to rely on from our team over the last decade. Our team is expanding in order to better serve your needs, and we are rolling out new service offerings across our core

practice areas, including new capabilities in Research, Strategy, Design, Engineering, and Innovation.

Our primary focus will continue to be on supporting our clients in achieving and exceeding their key performance measures and business objectives. Whether those objectives are focused on net new product development, pure R&D, legacy modernization, pricing strategy development, revenue generation, process optimization, or organizational and cultural design, we are equipped to deliver.

Of course, as critical partners in our success, we welcome your feedback and value your input about this transition. Here's to the road ahead.