NOT FOR PULBICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THEOREM, INC., | |
| Plaintiff, | **Civil Action No. 19-13423 (SRC)** |
| v. | **OPINION** |
| CITRUSBYTE, LLC, | |
| Defendant. | |

**CHESLER**, District Judge

    This is an action for trademark infringement and unfair competition. Presently before the Court is the motion to dismiss for lack of personal jurisdiction filed by Defendant Citrusbyte, LLC ("Defendant" or "Citrusbyte"). Plaintiff Theorem, Inc. ("Plaintiff" or "Theorem") has opposed the motion. The Court has considered the papers filed by the parties. It proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Defendant's motion to dismiss.

    **I.    BACKGROUND**

    Theorem is a company specializing in digital marketing and computer and technology consulting services, providing these services to clients on a national and international level. Theorem has used the "Theorem" word mark and logo (collectively, the "Theorem marks") in connection with its business since the company's inception in 2002. On June 6, 2006, Theorem registered the Theorem marks with the United States Patent and Trademark Office.

Citrusbyte is an information technology company which, according to the Complaint, "provides digital strategy and technology-related consulting services" and therefore "competes in the same industry as Plaintiff." (Compl. ¶ 15.) According to the Complaint, Citrusbyte operated under the trade name "Citrusbyte" from 2006 to 2018. In or about March 2019, Citrusbyte announced it was rebranding to do business under the name "Theorem." Plaintiff discovered that Citrusbyte had begun using "a logo that contains the Theorem name and a design that is intentionally similar to Theorem's own logo and intellectual property." (Id. ¶ 24.) Plaintiff further alleges that, as a further act of infringement and unfair competition, "Defendant created an internet domain name 'theorem.co'. . . that improperly utilizes Plaintiff's legal name and utilizes the Theorem Trademark." (Id. ¶ 26.)

This lawsuit was filed on June 5, 2019. Plaintiff Theorem is a corporation of the State of Delaware with its principal place of business in Chatham, New Jersey. Defendant Citrusbyte is a California limited liability company headquartered in Encino, California. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 28 U.S.C. § 1367(a).

## II. DISCUSSION

Citrusbyte maintains that it lacks sufficient contacts with the state of New Jersey to support personal jurisdiction and thus moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2). The Third Circuit has held that, on a Rule 12(b)(2) motion, "the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

This Court, sitting in diversity, "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Id. New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, authorizes personal jurisdiction "as far as is permitted by the Fourteenth Amendment to the United States Constitution." Decker v. Circus Hotel, 49 F. Supp. 2d 743, 746 (D.N.J. 1999); see also Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971) (holding that New Jersey's long-arm rule "permits service on nonresident defendants subject only to 'due process of law'"). The Fourteenth Amendment's due process clause "limits the power of a state court to render a valid personal judgment against a nonresident defendant." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). It is well-established that a determination of whether due process permits a court to assert its power over a nonresident defendant must focus on "the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. ___, 137 S. Ct. 1773, 1779 (2017).

In that regard, Supreme Court jurisprudence has recognized two types of personal jurisdiction, general ("all purpose") jurisdiction and specific ("case-linked") jurisdiction, which are distinct based on the nature and extent of the defendant's contacts with the forum. Id.; Goodyear Dunlop Tires Operations., S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction applies when the defendant's "affiliations with the State are so 'continuous and systematic as to render them essentially at home in the forum state." Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). Where general jurisdiction exists, the defendant's contacts with the state need not be related to the litigation, and, indeed, the forum court "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." Bristol-Myers Squibb, 137 S. Ct. at 1780 (citing

3

Goodyear, 564 U.S. at 919). Specific jurisdiction, in contrast, exists where the litigation arises out of or relates to the defendant's contacts with the forum. Id. This means that "there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Id. (quoting Goodyear, 564 U.S. at 919) (alteration in original). Where a court has specific jurisdiction, its authority is limited to adjudicating issues related to the very controversy on which that jurisdiction is based. Id.; see also Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016) (holding that courts may exercise specific jurisdiction over foreign defendants "when the cause of action arises from the defendant's forum related activities").

In its motion to dismiss, Citrusbyte argues its complete lack of presence in or affiliation with New Jersey demonstrates that this Court does not have either general or specific personal jurisdiction over it. Citrusbyte asserts that it has never had an office, mailing address, or telephone number in New Jersey. It also asserts that it has never owned or leased real property in this State and has never maintained a bank account here. Though four individuals employed in the company's New York office are New Jersey residents, Citrusbyte further states that it employs no person in the State of New Jersey. With regard to its business activities in this forum, Citrusbyte states that while it had a customer in New Jersey in 2014, it has had no sales to New Jersey and no customers in this State from 2015 to the present. Additionally, it states that while it does operate a website, which may be accessed by all, Citrusbyte does not market its services directly to New Jersey and thus does not purposefully direct its allegedly infringing conduct—using the Theorem marks in connection with its business activities—to New Jersey.

In response, Plaintiff does not dispute the lack of general jurisdiction. Instead, Theorem argues that specific jurisdiction exists over Citrusbyte "because it intentionally directed tortious activities to this forum and targeted a New Jersey company, Theorem, to unfairly compete and infringe on Theorem's incontestable Trademark . . .." (Opp'n at 7.) Plaintiff maintains that specific jurisdiction is supported under both a traditional minimum contacts analysis and the "effects test" set forth by the Supreme Court in <u>Calder v. Jones</u>, 465 U.S. 783 (1984).

It is well-established that specific jurisdiction exists over an out-of-state defendant if (1) the defendant has 'purposefully directed' his activities at the forum; (2) the litigation arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472-73 (1985); <u>O'Connor v. Sandy Lane Hotel Co.</u>, 496 F.3d 312, 317 (3d Cir. 2007). The Supreme Court has consistently held that, to establish that a defendant has sufficient "minimum contacts" with a forum to support specific jurisdiction, "there must be an 'affiliation between the forum and the underlying controversy, principally [an] activity or occurrence that takes place in the forum State.'" <u>Bristol-Myers Squibb Co.</u>, 137 S. Ct. at 1781 (quoting <u>Goodyear</u>, 564 U.S. at 919); <u>see also</u> <u>Int'l Shoe</u>, 326 U.S. at 316 (1945) (holding that, for a court to subject a defendant to personal jurisdiction, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (quotation omitted). In other words, for personal jurisdiction to attach, the non-resident defendant's "suit-related conduct must create a substantial connection with the forum State." <u>Walden v. Fiore</u>, 571 U.S. 277, 284 (2014).

Plaintiff argues that sufficient minimum contacts exist between Citrusbyte and New Jersey based on the following: (1) Citrusbyte created the Theorem.co website and used an allegedly infringing domain name, thus targeting the intellectual property of a New Jersey company; (2) Citrusbyte has done business with New Jersey-based customers; and (3) Citrusbyte "advertises as doing work with companies that have a substantial connection with New Jersey (including but not limited to AT&T)." (Opp'n at 13.) None of these purported contacts with New Jersey, alone or together, warrant the exercise of specific jurisdiction over Citrusbyte. First, as to the website, it is Defendant's use of the domain name itself which constitutes the alleged trademark infringement, and therefore, this conduct, without more, does not show that Defendant directed its activity toward New Jersey. In a trademark infringement action, "there must be 'something more' than the infringement itself to show that the defendant directed its activity toward the forum." Ameripay, LLC v. Ameripay Payroll, Ltd., 335 F. Supp. 2d 629, 633 (D.N.J. 2004) (citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003)). While a defendant's operation of a website may provide sufficient contacts to support specific jurisdiction, the defendant "must intentionally interact with the forum state via the web site in order to show purposeful availment." Toys "R" Us, 318 F.3d at 452; see also Ameripay, 335 F. Supp. 2d at 633 (holding, in the context of a minimum contacts analysis in a trademark infringement suit, that "[t]he defendant must have purposely availed itself of the forum by targeting its website there, knowingly conducting business with forum residents through the website, or by non-internet contacts, such as communications, business trips, or contracts in the forum."). Plaintiff in this case has not demonstrated that the Theorem.co site created and maintained by Defendant satisfies the "something more" required to show that the site targets

New Jersey and seeks to do business in this forum. Second, as to Plaintiff's argument that Defendant maintains New Jersey customers, this argument is unavailing for lack of factual support. The evidence before the Court shows a single, former customer Citrusbyte had in New Jersey in 2014, years before the company's rebranding in 2019. This contact is neither substantial nor relevant to the claims at issue in this suit. Third, as to Citrusbyte's alleged relationship with other companies (namely AT&T) that have New Jersey connections, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." Walden, 571 U.S. at 286. In short, Plaintiff has not demonstrated that Citrusbyte has sufficient minimum contacts with New Jersey to support specific jurisdiction in this trademark infringement and unfair competition action.

Alternatively, where the traditional minimum contacts analysis does not establish specific jurisdiction in an intentional tort action, the Court must apply the three-pronged Calder effects test to determine whether it has personal jurisdiction over a non-resident defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 108 (3d Cir. 2004); see also IMO Indus. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (holding that where jurisdiction will not lie solely on the basis of a defendant's contacts with the forum because "they are far too small to comport with the requirements of due process," the court must consider whether Calder can change the outcome). In Calder, the Supreme Court held that, under certain circumstances, a court may exercise personal jurisdiction over a non-resident defendant when his intentionally tortious conduct, though committed outside the forum, is aimed at the forum and has sufficient impact in the forum to satisfy due process requirements. Calder, 465 U.S. at 789-90; IMO Indus., 155 F.3d at 260-61 (summarizing Calder holding). Courts in the Third Circuit have treated trademark

infringement as an intentional tort for purposes of determining personal jurisdiction over a non-forum defendant and have accordingly applied Calder effects test. Budget Blinds, Inc. v. White, 536 F.3d 244, 263 (3d Cir. 2008); see also Frutta Bowls Franchising LLC v. Bitner, No. 18-2446 (FLW), 2018 U.S. Dist. LEXIS 208311, at * 11 (D.N.J. Dec. 10, 2018) (noting that "the Third Circuit and federal courts within this district have applied the Calder effects test within the context of trademark infringement disputes."). Under the effects test, specific jurisdiction may attach upon plaintiff's demonstration of the following three elements: "(1) the defendant committed an intentional tort; (2) the forum state is the focal point of the harm suffered by plaintiff; and (3) the forum state is the focal point of the defendant's tortious activity, because the defendant expressly aimed its tortious conduct there." Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007). Even under the effects test, however, the focus of the minimum contacts inquiry remains on "'the relationship among the defendant, the forum, and the litigation.'" Walden, 571 U.S. at 291 (quoting Calder, 465 U.S. at 788).

Citrusbyte argues that Plaintiff cannot establish the third element of the effects test, because Plaintiff's argument, at best, is based on Citrusbyte's alleged targeting of Plaintiff, a New Jersey company, not its targeting of the forum itself. This link between Citrusbyte and New Jersey, Defendant contends, is too attenuated to establish personal jurisdiction under the Calder effects test and its progeny. Defendant is correct. The Third Circuit has held that in order to make out the third prong of the Calder effects test, "the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, *and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum*." Marten, 499 F.3d at 297 (quoting IMO Indus., 155 F.3d at 266) (emphasis

added). Plaintiff has come forward with no facts demonstrating that Citrusbyte aimed its allegedly tortious conduct at New Jersey. Assuming, for purposes of this analysis, that Citrusbyte infringed on the Theorem marks and took other unlawful actions to compete unfairly with Theorem, those actions would be directed at Theorem, not the State where Theorem's headquarters are located. Plaintiff's demonstration that Citrusbyte targeted Theorem, knowing Theorem is located in New Jersey, does not equate with a demonstration that Citrusbyte's alleged unlawful conduct targeted New Jersey. IMO Indus., 155 F.3d at 266 (holding that a defendant's knowledge that the plaintiff is located in the forum, without more, is insufficient to satisfy the targeting prong of the effects test). "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum." Walden, 571 U.S. at 290.

Thus, neither a traditional minimum contacts analysis nor the effects test establishes that this Court may exercise specific jurisdiction over Citrusbyte as to the trademark infringement and related claims Plaintiff has asserted in this action. Plaintiff's failure to meet its burden of showing that the Citrusbyte has sufficient litigation-related contacts with New Jersey warrants dismissal of this action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiff makes two requests as alternatives to dismissal of this action. One, it asks for an opportunity to conduct jurisdictional discovery, arguing that there may be a basis for jurisdiction because Citrusbyte has done business in New Jersey in the past and because it has employees who reside in New Jersey. However, to obtain leave to conduct jurisdictional discovery, the plaintiff must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite contacts between [the party] and the forum state.'" Eurofins Pharma US

9

Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010) (quoting Toys "R" Us, 318 F.3d at 455) (alteration in original). Plaintiff has not made this showing, and thus the Court will not grant its request to conduct jurisdictional discovery. Two, Plaintiff asks that the Court transfer venue to the Southern District of New York, pursuant to 28 U.S.C. § 1631. Section 1631 authorizes a transfer of venue for lack of personal jurisdiction, providing that a "court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Plaintiff contends that Citrusbyte would be subject to personal jurisdiction in New York because it maintains an office in New York City. The Court is not satisfied, however, that this action could have been brought in New York, as Plaintiff argues. Defendant's office location in a given forum, without more, does not suffice to establish general or specific jurisdiction in that forum, based on the jurisdictional standards discussed above. The Court, therefore, finds that transfer to the Southern District of New York, as an alternative to the dismissal of this action, is not warranted.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). An appropriate Order will be filed.

                                                          s/ Stanley R. Chesler
                                                    STANLEY R. CHESLER
                                                United States District Judge

Dated: August 14, 2019